From: 4107162379 Page: 3/6 Date: 10/5/2006 2:32:40 PM

STATE OF RHODE ISLAND
PROVIDENCE, SC

SUPERIOR COURT

JOSEPH BRENNAN

vs. : C.A. NO.: 06-

THE BLACK & DECKER CORPORATION
d/b/a PORTER-CABLE CORPORATION,
Alias and QUAKER LANE TOOL, INC., Alias

**COMPLAINT**

**COUNT I**

1. Plaintiff, Joseph Brennan, is a resident of Block Island, County of Washington, State of Rhode Island.

2. Defendant, The Black & Decker Corporation d/b/a Porter-Cable Corporation, Alias, (hereinafter Porter-Cable) Alias, is a foreign corporation located at 701 East Joppa Road, Towson, Maryland 21286, doing business in the State of Rhode Island, and is so doing business in the State of Rhode Island, and/or at all times relevant hereto had sufficient minimum contacts with the State of Rhode Island so as to be subject to its jurisdiction.

3. Defendant, Quaker Lane Tool, Inc., (hereinafter Quaker Lane Tools) Alias, is a Rhode Island business, with its principle place of business located at 3520 Quaker Lane in North Kingstown, Rhode Island, but also with a business located at 1 Spuchy Drive in Westerly, Rhode Island and in so doing business in the State of Rhode Island, and/or at all times relevant hereto had sufficient minimum contacts with the State of Rhode Island so as to be subject to its jurisdiction.

4. In or about 2005, between June and September, Defendant Quaker Lane Tool, Inc., Alias sold a Porter-Cable MAG-Saw Circular Saw to Plaintiff Joseph Brennan at its Westerly branch.

5. On or about December 30, 2005, Plaintiff Joseph Brennan owned a Porter-Cable MAG-Saw Circular Saw (hereinafter "the saw") manufactured by Porter-Cable, Alias, that he had purchased and was using in the State of Rhode Island.

6. On or about December 30, 2005, while operating said saw, the lower guard got stuck, exposing the saw blade and causing a partial amputation to the left index finger of the Plaintiff Joseph Brennan.

7. At all times relevant hereto, the Plaintiff, Joseph Brennan, was in the exercise of due care and caution.

8. Porter-Cable, Alias is the manufacturer of the circular saw owned by the Plaintiff.

9. Porter-Cable, Alias, has a duty to manufacture a product that is not unsafe, dangerous and/or defective.

10. Said Porter-Cable's, Alias, circular saw has a lower guard protecting the saw blade.

11. Such lower guard is made to protect the operator from the saw blade.

12. Such lower guard failed to engage and caused the partial amputation to the Plaintiff.

13. Such failure renders the circular saw, as manufactured and designed, to be defective, dangerous and unsafe for use as intended.

14. On or about November 29, 2005, Porter-Cable recalled such circular saw due to the sticking of the lower guard and exposing the rotating saw blade.

15. It was upon this exposed saw blade that the Porter-Cable circular saw cut Plaintiff Joseph Brennan, causing the partial amputation to his left index finger.

16. On all relevant times hereto, Porter-Cable, Alias, the circular saw owned by the Plaintiff Joseph Brennan, had a dangerously sharp saw blade that when properly functioning, was protected by the lower guard.

17. On all relevant times hereto, Porter-Cable, Alias, knew or should have known of such malfunctioning lower guard.

18. On all relevant times hereto, Defendant Porter-Cable , Alias, breached its duty owed to Plaintiff Joseph Brennan in that it:

    a) willfully and/or recklessly and/or negligently permitted and allowed said left shelf front to be and remain in such unsafe, dangerous and/or defective condition;
    b) willfully and/or recklessly and/or negligently failed to warn the Plaintiff of said unsafe, dangerous and/or defective condition; and/or
    c) willfully and/or recklessly and/or negligently failed to repair, replace or maintain said dangerous lower guard.

19. As a direct and proximate result of said lower guard being in an unsafe, dangerous and/or defective condition, Plaintiff Joseph Brennan suffered a partial amputation to his left index finder from the exposed saw blade.

20. As a further direct and proximate result of the breach of duty of the Defendant Porter-Cable, Alias, Plaintiff Joseph Brennan sustained severe personal injuries, suffered extreme pain of the body and mind, incurred great expenses for proper medical care and treatment, suffered a loss of enjoyment of life, suffered a loss of earnings and/or earning capacity and will continue to suffer said injuries and incur said expenses in the future.

21. WHEREFORE, the Plaintiff Joseph Brennan demands judgment against the Defendant The Black & Decker Corporation d/b/a Porter-Cable Corporation, Alias, in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

**COUNT II**

21. Paragraphs 1 through 20 are hereby fully incorporated by reference.

22. On or about December 30, 2005, Plaintiff Joseph Brennan owned a Porter-Cable MAG-Saw Circular Saw (hereinafter "the saw") manufactured by Porter-Cable, Alias, that he had purchased at Quaker Lane Tools, Inc., Alias in Westerly, Rhode Island.

23. On or about December 30, 2005, while operating said saw, the lower guard got stuck, exposing the saw blade and causing a partial amputation to the left index finger of the Plaintiff Joseph Brennan.

24. At all times relevant hereto, the Plaintiff, Joseph Brennan, was in the exercise of due care and caution.

25. Quaker Lane Tools, Alias is in the business of sales of tools and building material and equipment.

26. Quaker Lane Tools, Alias sold the circular saw to the Plaintiff, Joseph Brennan.

27. Quaker Lane Tools, Alias, has a duty to sell a product that is not unsafe, dangerous and/or defective.

28. Said Porter-Cable's, Alias, circular saw has a lower guard protecting the saw blade.

29. Such lower guard is made to protect the operator from the saw blade.

30. Such lower guard failed to engage and caused the partial amputation to the Plaintiff.

31. Such failure renders the circular saw, as sold, to be defective, dangerous and unsafe for use as intended.

32. On or about November 29, 2005, Porter-Cable recalled such circular saw due to the sticking of the lower guard and exposing the rotating saw blade.

33. It was upon this exposed saw blade that the Porter-Cable circular saw cut Plaintiff Joseph Brennan, causing the partial amputation to his left index finger.

34. On all relevant times hereto, the circular saw owned by the Plaintiff Joseph Brennan, had a dangerously sharp saw blade that when properly functioning, was protected by the lower guard.

35. On all relevant times hereto, Quaker Lane Tools, knew or should have known of such malfunctioning lower guard in its sale of such items.

36. On all relevant times hereto, Defendant Quaker Lane Tools, Alias, breached its duty owed to Plaintiff Joseph Brennan in that it:

    a) willfully and/or recklessly and/or negligently sold a saw that permitted and allowed said lower guard to be sold in such unsafe, dangerous and/or defective condition;
    b) willfully and/or recklessly and/or negligently failed to warn the Plaintiff of said unsafe, dangerous and/or defective condition; and/or
    c) willfully and/or recklessly and/or negligently failed to repair, replace or maintain said dangerous lower guard.

37. As a direct and proximate result of said lower guard being in an unsafe, dangerous and/or defective condition, Plaintiff Joseph Brennan suffered a partial amputation to his left index finder from the exposed saw blade.

38. As a further direct and proximate result of the breach of duty of the Defendant Quaker Lane Tools, Alias, Plaintiff Joseph Brennan sustained severe personal injuries, suffered extreme pain of the body and mind, incurred great expenses for proper medical care and treatment, suffered a loss of enjoyment of life, suffered a loss of earnings and/or earning capacity and will continue to suffer said injuries and incur said expenses in the future.

WHEREFORE, the Plaintiff Joseph Brennan demands judgment against the Defendant Quaker Lane Tools, Inc., Alias, in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs.

Plaintiff,
JOSEPH BRENNAN
By His Attorneys,

D'AMICO - BURCHFIELD, LLP.

Mark W. Dana., Esq. #4150
536 Atwells Avenue
Providence, RI 02909
(401) 454-1212 Telephone
(401) 454-1233 Facsimile

Plaintiffs hereby demand a trial by jury as to all issues contained herein.

Plaintiffs hereby reserve the right to add additional counts.